UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN CREDICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00758-RLY-MG |
| | ) | |
| HAMILTON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Justin Credico was a pretrial detainee at the Hamilton County Jail (the Jail) during the times relevant to this case. He filed this civil action against Hamilton County. He was not a prisoner when he filed this action.

**I. Screening Standard**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names a single defendant: Hamilton County. Mr. Credico seeks compensatory damages.

Mr. Credico was a pretrial detainee at the Jail from May 4, 2024, through August 7, 2024. Dkt. 1 at 8. Mr. Credico had a state identification (ID) card and a driver's license issued in Pennsylvania that expired in July 2024, while he was confined at the Jail. Before it expired, he asked the Sheriff and County Trustee staff about re-entry ID and he was told that upon his release, he could use his "booking sheet" as ID to get a job and shelter. He was told to take the booking sheet to the Bureau of Motor Vehicles (BMV). Upon his release, BMV staff told him that the booking sheet was insufficient to obtain ID or a driver's license. He was told during job interviews that the booking sheet was not a valid or official ID. He also has been unable to travel to the Virgin Islands, where he is a citizen. When he tried to get into a shelter, he was told the booking sheet was not sufficient ID. Because he has no ID, he has been forced to live outside in the streets during extreme weather (tornado, freezing temperatures, and heavy rains) and has suffered injuries to his feet because he has no car.

## III. Discussion of Claims

Mr. Credico alleges that Hamilton County provided him an ineffective booking sheet, falsely assuring him it would provide adequate ID to obtain a job and shelter and official ID. He

contends that Hamilton County's custom of providing ineffective booking sheets violated his constitutional rights under the Eighth and Fourteenth Amendments.

First, because Mr. Credico was not a convicted prisoner at the times relevant to his claims, the Eighth Amendment does not apply. *See Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005) ("[T]he Eighth Amendment does not apply to pretrial detainees…"). Any Eighth Amendment claim is **dismissed for failure to state a claim upon which relief can be granted.**

Second, municipalities such as Hamilton County can be sued when their actions violate the Constitution. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). "The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 829 (7th Cir. 2022).

Mr. Credico's claims are all grounded on his belief that the booking sheet provided by the Jail, or Hamilton County, upon his release *caused* his injuries. The lack of proper identification arguably led to Mr. Credico's inability to find work and shelter at that time. The court, however, is unaware of any legal authority that places the responsibility to provide official identification on a jail or county in the event an inmate's driver's license expires during incarceration. Mr. Credico's license expired before he was able to renew it, but that was because he was incarcerated. It did not expire because Hamilton County gave him a booking sheet when he was released from the Jail. Although the court sympathizes with Mr. Credico's circumstances, his *Monell* claim against

Hamilton County must be **dismissed for failure to state a claim upon which relief can be granted.**

In addition to invoking federal question jurisdiction, Mr. Credico arguably invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. 1 at 12. "The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Mr. Credico alleges he is a citizen of the Virgin Islands. The court finds no duty on the part of Hamilton County to prevent a detainee's driver's license from expiring. Mr. Credico has not identified identify any state law that Hamilton County violated, nor has he established the $75,000 amount in controversy. Any claim based on diversity jurisdiction is **dismissed.**

### IV.  Show Cause

Mr. Credico shall have **through November 14, 2025,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Credico fails to timely respond to this Order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED**.

Date:  October 23, 2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUSTIN CREDICO
Homeless
Jmc31337@gmail.com

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov